**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------   :
SHIVA STEIN,                                             :
                                                         :
              Plaintiff,                                 :     Civil Action No. 22-cv-6184
                                                         :
v.                                                       :     COMPLAINT FOR VIOLATIONS OF
                                                         :     SECTIONS 14(a) AND 20(a) OF THE
USA TRUCK, INC., ALEXANDER D.                            :     SECURITIES EXCHANGE ACT OF
GREENE, JAMES D. REED, SUSAN                             :     1934
CHAMBERS, ROBERT E. CREAGER,                             :
GARY R. ENZOR, BARBARA J.                                :     JURY TRIAL DEMANDED
FAULKENBERRY, and RAJ PENKAR,                            :
                                                         :
              Defendants.                                :
------------------------------------------------------   :
```

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against USA Truck, Inc. ("USA Truck or the "Company") and the members USA Truck's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed acquisition of USA Truck by affiliates of Schenker, Inc. ("Schenker"). Schenker is a subsidiary of DB Schenker.

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on July 18, 2022 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby the Company will merge with and into Tango Merger, Inc. ("Merger Sub"), a wholly-owned subsidiary of Schenker, with Merger Sub as the surviving entity (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on June 23, 2022 (the "Merger Agreement"), each USA Truck stockholder will receive $31.72 in cash (the "Merger Consideration") for each USA Truck share owned.

1.      As discussed below, Defendants have asked USA Truck's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Evercore Group L.L.C. ("Evercore") in support of its fairness opinions.

2.      It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

3.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to USA Truck's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

5.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company trades on the NASDAQ Global Select, headquartered in this District, and the Company's proxy solicitor, MacKenzie Partners, Inc., is headquartered in this District.

## PARTIES

7.      Plaintiff is, and has been at all relevant times, the owner of USA Truck stocks and has held such stocks since prior to the wrongs complained of herein.

8.      Individual Defendant Alexander D. Greene has served as a member of the Board since May 2014 and as Chairman since May 2019.

9.      Individual Defendant James D. Reed has served as a member of the Board since November 2016 and is the Chief Executive Officer.

10.     Individual Defendant Susan Chambers has served as a member of the Board since March 2016.

11.     Individual Defendant Robert E. Creager has served as a member of the Board since 2012.

12.     Individual Defendant Gary R. Enzor has served as a member of the Board since September 2014.

13.     Individual Defendant Barbara J. Faulkenberry has served as a member of the Board since January 2016.

14.     Individual Defendant Raj Penkar has served as a member of the Board since March 2021.

15.     Defendant USA Truck is a Delaware corporation and maintains its principal offices at 3200 Industrial Park Road, Van Buren, Arkansas 72956.  The Company's stock trades on the NASDAQ Global Select under the symbol "USAK."

16.     The defendants identified in paragraphs 10-14 are collectively referred to as the "Individual Defendants" or the "Board."

17.     The defendants identified in paragraphs 10-15 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.     The Proposed Transaction**

18.     USA Truck operates as a truckload carrier in the United States, Mexico, and Canada. The Company operates in two segments, Trucking and USAT Logistics. The Trucking segment offers motor carrier services as a medium-haul common and contract carrier; and freight services. The USAT Logistics segment provides freight brokerage, logistics, and intermodal rail services. As of December 31, 2021, the Company operated a fleet of 2,157 tractors, which included 641 independent contractor tractors; and 6,548 trailers. USA Truck was founded in 1983 and is headquartered in Van Buren, Arkansas.

19.     On June 24, 2022, the Company and Schenker jointly announced the Proposed Transaction:

**VAN BUREN, AR and ESSEN, GERMANY / ACCESSWIRE / June 24, 2022** / DB Schenker, one of the world's leading logistics service providers, and USA Truck (NASDAQ:USAK), a leading capacity solutions provider, today announced an agreement under which DB Schenker will acquire all outstanding shares of USA Truck common stock for $31.72 per share in cash. The transaction values USA Truck at approximately $435 million, including assumed cash and debt. The combination advances DB Schenker and USA Truck's shared vision to become the premier North American transportation solutions provider. Upon completion of the transaction, DB Schenker aims to strengthen and expand USA Truck's presence in North America, while utilizing its complementary international logistics expertise, air transport services and ocean gateways to benefit USA Truck's existing customer base. Building upon USA Truck's existing U.S. and Mexico freight network, DB Schenker also intends to expand its global logistics services across land, air, and ocean transportation services, as well as comprehensive solutions for logistics and global supply chain management.

Founded in 1983, USA Truck provides comprehensive capacity solutions to a diverse North American customer base, including more than 20% of the FORTUNE 100. USA Truck's approximately 1,900-unit fleet of trucks, 2,100 employees, partnerships with more than 36,000 active contract carriers, strategic network of terminals across the Eastern half of the United States and a nationwide third-party logistics presence provides capacity solutions to meet the evolving demands of both regional and national customers.

"USA Truck is the perfect match for DB Schenker's strategic ambition to expand our network in North America and foster our position as a leading global logistics provider," said Jochen Thewes, CEO of DB Schenker. "In our 150th anniversary year, we are pleased to welcome one of the leading trucking and logistics providers to DB Schenker. Together we will enhance our shared value proposition and invest in exciting growth opportunities and sustainable logistics solutions for new and existing clients."

"We are thrilled to have found a partner that appreciates USA Truck's rich history, is closely aligned with our mission and values, and brings additional resources that we believe enable us to build on our nearly 40-year legacy of industry leadership," said James Reed, President and Chief Executive

Officer of USA Truck. "This transaction provides immediate and significant value for USA Truck stockholders, offers broadened career opportunities for our employees and increased capacity and service offerings with which to support our customers, and better positions our company to realize our long-term vision to become the premier North American transportation solutions provider."

"This transaction recognizes the culture of excellence James, his team and all of our dedicated employees have created and commit to every day at USA Truck. It rewards our stockholders for their unwavering support during our turnaround and through the pandemic and offers further opportunity for our customers to draw upon USA Truck's strengths utilizing the resources and reach of one of the world's leading logistics services organizations," commented Alexander Greene, Chairman of the Board of USA Truck.

Joe Jaska, DB Schenker's Executive Vice President Land Transport, Americas Region commented, "USA Truck's success has been driven by their impressive employees – all of whom are critical to future growth – and we look forward to welcoming them as an integral part of our team. As part of a larger organization with DB Schenker, USA Truck employees will have access to career opportunities at both the local and global level. We view this transaction as a platform for growth and by combining these organizations, we will greatly enhance our presence in the North American land transport space."

With more than 76,000 employees at more than 1,850 locations in over 130 countries, DB Schenker, a 100 percent subsidiary of Deutsche Bahn, is one of the world's leading logistics providers. The company operates land, air, and ocean transportation services, and it also offers comprehensive solutions for logistics and global supply chain management from a single source. In the Americas, DB Schenker is one of the largest integrated logistics service providers with more than 10,000 employees in 123 locations providing over 27 million sq. ft. of distribution operations to its clients. With integrated partners across the Americas, DB Schenker provides the best combination of intimate local practices knowledge and global capabilities.

**Transaction Details**
The transaction, which has been unanimously approved by USA Truck's Board of Directors, is subject to certain

regulatory reviews and approvals and the satisfaction of other customary closing conditions, including the approval of USA Truck stockholders. Upon completion of the transaction, which the parties expect will occur by the end of 2022, USA Truck will become a private company and delist from NASDAQ Global Select Market. The transaction is not subject to any financing condition.

**Advisors**
Evercore is serving as financial advisor and Scudder Law Firm, P.C., L.L.O. is serving as legal counsel for USA Truck.
Morgan Stanley & Co. Int. PLC is serving as financial advisor and Latham & Watkins LLP is acting as legal counsel for DB Schenker.

\* \* \*

20.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that USA Truck's stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Proxy Statement**

21.     On July 18, 2022, USA Truck filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

22.     The Proxy Statement fails to provide material information concerning financial projections by USA Truck management and relied upon by Evercore in its analyses. The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Evercore with forming a view about the stand-alone valuation of the Company. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that USA Truck management provided to the Board and Evercore. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

23.     For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Operating revenue excluding fuel surcharge, Adjusted operating income, Adjusted earnings per diluted share, Adjusted operating ratio, Adjusted EBITDAR, Adjusted EBITDA, Adjusted EBIT, Net Operating Profit After Tax, and Unlevered Free Cash Flow, but fails to provide a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

24.     When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates,

also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

25.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

26.     Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Proxy Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

27.     With respect to Evercore's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the terminal values for USA Truck; (ii) the inputs and assumptions underlying the use of range of perpetuity growth rates of 3.5% to 4.5%; (iii) the inputs and assumptions underlying the use of the range of EBITDA exit multiples of 3.75x to 4.75x; (iv) the inputs and

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

assumptions underlying the use of the discount rates of 12.5% to 14.5%; (v) the Company's weighted average cost of capital and the inputs used for its calculation; (vi) cash, debt and finance lease obligations as of March 31, 2022; and (vii) the number of fully diluted shares of Company common stock as of June 22, 2022.

28.     With respect to Evercore's *Selected Precedent Transaction Analysis*, the Proxy Statement fails to disclose the financial metrics for each transaction selected for the analysis, including each target company's estimated LTM EBITDA.

29.     With respect to Evercore's *Selected Public Company Trading Multiples Analysis*, the Proxy Statement fails to disclose the financial metrics and multiples for each company selected for the analysis.

30.     With respect to Evercore's *Premiums Paid Analysis*, the Proxy Statement fails to disclose the transactions selected and the premia paid for those transactions.

31.     With respect to Evercore's *Equity Research Analyst Price Targets* analysis, the Proxy Statement fails to disclose the fourteen Wall Street research analysts and their price targets for the shares of Company stock.

32.     In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

35.     Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

36.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

37.     Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

38.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     The Individual Defendants acted as controlling persons of USA Truck within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of USA Truck, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of USA Truck, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of USA Truck, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy Statement.

43.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

46.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 21, 2022                          **MELWANI & CHAN LLP**

                                        By:  _/s/ Gloria Kui Melwani_____
                                             Gloria Kui Melwani
                                             1180 Avenue of the Americas, 8th Fl.
                                             New York, NY 10036
                                             Telephone: (212) 382-4620

Email: gloria@melwanichan.com

*Attorneys for Plaintiff*